JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant James Dawson appeals from his convictions for trafficking in cocaine and possession of cocaine. Because we conclude that his sole assignment of error is without merit, we affirm the judgment of the trial court.
On June 11, 2004, Dawson was indicted for trafficking in cocaine in violation of R.C. 2925.03(A)(2), possession of cocaine in violation of R.C. 2925.11(A), and receiving stolen property in violation of R.C.2913.51(A). Dawson pleaded guilty to the trafficking and possession charges on July 14, 2004. The charge for receiving stolen property was dismissed. A sentencing hearing was held on July 29, 2004. After reviewing the presentence-investigation report and a report regarding a drug-rehabilitation program, the trial court sentenced Dawson to a term of eight months for each count and ordered that the terms be served concurrently.
In his sole assignment of error, Dawson now claims that the trial court erred in imposing a prison term contrary to Ohio's sentencing guidelines.
We first consider the sentence for the charge of trafficking in cocaine, which is a fifth-degree felony. R.C. 2929.13(B) provides factors that the trial court must consider before imposing a prison term for certain fourth- and fifth-degree felonies. Because trafficking is a drug offense, reference must be made to R.C. 2925.03 to determine whether R.C. 2929.13(B) applies.[1] For the offense of trafficking in cocaine, R.C. 2929.13(B) does not apply.[2] Rather, under R.C. 2929.13(C), the trial court must "comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." The section does not require that the trial court perform judicial fact-finding that would violate the United States Supreme Court's decision in Blakely v. Washington.[3] After reviewing the record, we conclude that the trial court complied with the mandate of R.C. 2929.13(C).
Dawson also argues that the trial court erred in giving him more than the minimum sentence. Because Dawson had a prior prison term, the trial court was not required to impose the minimum sentence.[4] We conclude that the imposition of an eight-month sentence for trafficking in cocaine was not contrary to law.
The trial court ordered that the eight-month sentence imposed for possession be served concurrently with the sentence for trafficking. As we have concluded that the sentence for trafficking was not contrary to law, there is no relief that we could provide were we to determine that the eight-month sentence for drug possession was improper. Accordingly, our conclusion with respect to the trafficking sentence is dispositive of Dawson's assignment of error. The assignment of error is overruled, and we therefore affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.
[1] R.C. 2929.13(E)(1).
[2] R.C. 2925.03(C)(4)(a).
[3] (2004), 542 U.S. ___, 124 S.Ct. 2531.
[4] R.C. 2929.14(B)(1).